Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5134 | **DATE** | 1/8/2001 |
| **CASE TITLE** | Frieri, et al. Vs. The City of Chicago, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] The City of Chicago's motion to dismiss (9-1) is granted as to count III and denied as to counts I and II. Ruling set for 2/9/01 is vacated. Discovery is ordered closed on 6/29/01. Any dispositive motion to be filed by 7/31/01. Pretrial order to be filed by 10/5/01. Response to any motions in limine due by 10/19/01. Pretrial conference set for 11/16/01. Trial set for 1/7/02 at 9:30 a.m. Enter Memorandum Opinion and Order.

(11) ☑ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 number of notices | Document Number |
| | No notices required. | | | |
| X | Notices mailed by judge's staff. | | JAN 9 2001 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | 17 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 1/8/01 date mailed notice | |
| MPJ | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SANDY FRIERI, in her own proper )
person and as mother and next )
best friend of her minor child, )
TONY FRIERI, a minor and KATIE )
JACOX, as mother and next best )
friend of her minor child, )
SHAMIR MURRELL, a minor, )
 )
        Plaintiffs, )
 ) No. 00 C 5134
  v. )
 )
THE CITY OF CHICAGO, an Illinois )
municipal corporation and a body )
politic, and Michael Poppish, )
Peter Soraghan, George Letten )
and Luis Ortoneda, individually )
and in their official capacities )
as employees of the City of )
Chicago, )
 )
        Defendants. )

## MEMORANDUM OPINION AND ORDER

I.

On January 19, 2000, Tony Frieri, age 15, and Shamir Murrell, age 16, were at the Frieri home at 4232 South Washtenaw in Chicago. Sandy Frieri ("Ms. Frieri"), Tony's mother, was upstairs sleeping. According to the complaint, four Chicago police officers (the "officer defendants") forced their way into the home by kicking down the door. With weapons drawn, they entered the home, without a warrant, and searched the two children and the home. The officers handcuffed the children, shoved them to their knees,

pointed guns at them and threatened to shoot them. Complaint ¶¶ 28-31. When Tony asked the officers to go get his mother upstairs, one officer responded "we'll go rip your mom up, like we give a f***!" Id. ¶ 36. When Ms. Frieri came downstairs, she asked the officers if they had a warrant to search the house, and the officers responded by yelling at her to "shut the hell up" and "get the f*** out of the way." Id. ¶ 45. The officers told Ms. Frieri that "they 'got a call there were guns and drugs' in the home." Id. ¶ 49. The officers continued to search the home, and they only left after Ms. Frieri informed them that her husband would be home soon. The officers were at the Frieri home for forty-five minutes to an hour, and they recovered only a BB gun.

Ms. Frieri and Katie Jacox, mother of Shamir, sued the City and the officer defendants for violations of 42 U.S.C. § 1983 (Counts I and II), battery (Count III), and intentional infliction of emotional distress (Count IV). The City moves to dismiss the claims against it in Counts I, II and III.[1] I grant the City's motion in part and deny it in part.

II.

The City argues that the appropriate standard for a motion to dismiss is "not whether plaintiffs *can demonstrate* a set of facts, but rather, . . . whether they *have alleged* a set of facts

---

[1] Ms. Frieri does not appear to allege a claim against the City in Count IV (intentional infliction of emotional distress).

2

sufficient to comply with the notice provisions set forth in [Fed R. Civ. P.] 8(a) and case law." Reply Brief at 3 (emphasis in original). The City misunderstands the purpose of a motion to dismiss under Fed. R. Civ. P. 12(b)(6), which is to test the sufficiency of the complaint, not to prejudge the merits of the claim. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). The standard that the City asks me to apply at this stage is essentially the summary judgment standard: whether the plaintiff has adduced facts to support a finding of liability.

On a motion to dismiss, however, failure to plead facts is not fatal. Dismissal is only appropriate if it appears beyond doubt that the plaintiff can prove no set of facts that would entitle her to relief. *Strasburger v. Board of Educ.*, 143 F.3d 351, 359 (7th Cir. 1998).[2] Under Fed. R. Civ. P. 8(a)(2), the plaintiff need only include a "short and plain statement of the claim showing that the pleader is entitled to relief." Unlike "fact" pleading, required in some states, "notice" pleading does not require the plaintiff to "plead law or match facts to every element of a legal theory." *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998). Indeed, "a complaint is not required to allege all, *or any*, of the facts logically entailed by the claim. . . . A plaintiff does not

---

[2] Although the Seventh Circuit has stated that this maxim "has never been taken literally," *Kyle v. Morton High Sch.*, 144 F.3d 448, 455 (7th Cir. 1998), it recently reaffirmed the minimal standards required by Fed. R. Civ. P. 8(a). *See McCormick v. City of Chicago*, 230 F.3d 1319, 1324-25 (7th Cir. 2000).

3

have to plead evidence. . . ." *Id.* (quoting *American Nurses' Assn. v. Illinois*, 783 F.2d 716, 727 (7th Cir. 1986)) (emphasis in original). The plaintiff may plead conclusions, so long as "the conclusions . . . provide the defendant with minimal notice of the claim." *Jackson v. Marion County*, 66 F.3d 151, 153 (7th Cir. 1995). If the plaintiff does plead facts, I must accept all of her well-pleaded factual allegations as true and draw all reasonable inferences in her favor. *Colfax Corp. v. Illinois State Toll Highway Auth.*, 79 F.3d 631, 632 (7th Cir. 1996).

### III.

Ms. Frieri sues the City under 42 U.S.C. § 1983 in Counts I and II for failing to train, supervise and discipline its officers to prevent the constitutional violations that she alleges the individual officers committed. A municipality cannot be held liable for the actions of individual employees under § 1983 based on a theory of *respondeat superior*. *Monell v. Department of Soc. Servs. of the City of New York*, 436 U.S. 658, 691 (1978). A municipality may, however, be liable if the plaintiff can show that he or she suffered a constitutional deprivation that was caused by an official policy, custom, or usage of the municipality. *Id.* at 690-91. The City attacks Ms. Frieri's complaint because it contains "only the barest of boilerplate allegations of a municipal policy." Reply Brief at 3. However, federal pleading is "notice" pleading, so the question on a motion to dismiss is whether her

4

allegations, even if bare and boilerplate, give notice of her claims against the City.

The Supreme Court has expressly rejected a heightened pleading standard for § 1983 claims against municipalities. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993). The Seventh Circuit recently reaffirmed its understanding of *Leatherman*, holding that such "boilerplate" allegations are sufficient. *McCormick v. City of Chicago*, 230 F.3d 319, 324-25 (7th Cir. 2000).[3]

In this case, Ms. Frieri's complaint alleges that the defendant officers used excessive force and that the City "has failed to properly train and supervise and discipline the Defendant Officers on when use of such force is necessary and/or appropriate, which evinces a custom, policy or practice by the Defendant City of

---

[3]Until *McCormick*, the rules for pleading § 1983 violations against municipalities in this Circuit were somewhat unclear. In *Sivard v. Pulaski County*, 17 F.3d 185, 188 (7th Cir. 1994) (quoting *Rodgers v. Lincoln Towing Serv., Inc.*, 771 F.2d 194, 202 (7th Cir. 1985)), cited in *Lanigan v. Village of East Hazel Crest*, 110 F.3d 467, 479 (7th Cir. 1997), the Seventh Circuit stated that "[b]oilerplate allegations of a municipal policy, entirely lacking in any factual support that a city policy does exist, are insufficient." The following year, the Court held that, to the extent it had held since *Leatherman* that a suit must be dismissed for failure to allege facts, those holdings were limited to apply to suits where the plaintiff has pled himself out of court by alleging facts inconsistent with his claim, even though he was not required to allege any facts. *Jackson v. Marion County*, 66 F.3d 151, 153 (7th Cir. 1995). In a later case, the Court had stated that a "plaintiff cannot state a claim 'by attaching a bare conclusion to the facts he narrates.'" *Kyle v. Morton Grove High Sch.*, 144 F.3d 448, 455 (7th Cir. 1998).

5

Chicago." Complaint ¶ 74. She also alleges that the officers illegally searched her home, and that the City, "by and through its officers and agents[, has] failed to investigate, discipline, reprimand or instruct it officers in any way for and because of the malicious and unconstitutional actions of its officers, thus evincing a policy, practice and custom of encouraging and condoning such acts." *Id.* at ¶ 79. The City objects that the complaint contains mere "boilerplate allegations" of a policy. According to *McCormick*, however, that is sufficient. Moreover, it satisfies Rule 8(a) because it gives the City notice of the specific alleged policies against which it must defend: failure to train officers to prevent constitutional violations, and failure to discipline them for committing them.

The City objects that Ms. Frieri's complaint contains reference to only one incident -- the incident that forms the basis of her suit -- and that a single incident is insufficient to support municipal liability for a "custom or practice." It also argues that Ms. Frieri has failed to establish "culpability" or a "causal connection" between the defendant officers' actions and the alleged policies of the City. The City confuses the plaintiff's burden to establish liability to win the lawsuit -- at trial or summary judgment -- with the plaintiff's minimal burden to give notice of her claims to withstand a motion to dismiss. I do not reach the question of whether Ms. Frieri must *prove* multiple

6

incidents[4] or a causal connection; I need only find that she has given notice of her claims against the City.

IV.

The City argues that Count III, alleging a state law claim for battery, must be dismissed because § 2-201 of the Illinois Tort Immunity Act immunizes the City from liability for maintaining a policy or practice that caused the alleged battery in Count III of Ms. Frieri's complaint. The Illinois Tort Immunity Act provides that "a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused." 745 ILCS 10/2-201. For immunity to attach, "the act or omission must be both a determination of policy and an exercise of discretion." *Harinek v. 161 N. Clark St. Ltd. P'ship*, 692 N.E.2d 1177, 1181 (Ill. 1998). Ms. Frieri argues that the City may not be immunized because the officers acted willfully and wantonly, but § 2-201 provides no exception for willful and wanton conduct. *Id.* at 1184. Ms. Frieri also argues that § 2-201 does not apply because the officers were neither determining policy nor exercising discretion. Be that as it may, the question here is whether the

---

[4] In any event, so long as Ms. Frieri can prove the existence of a policy, one incident is a sufficient basis for *Monell* liability under § 1983. *See Mohr v. Chicago Sch. Reform Bd. of Trustees*, 99 F. Supp.2d 934, 939 (N.D. Ill. 2000) (citing *City of Okla. City v. Tuttle*, 471 U.S. 808, 823-24 (1985)).

7

City, in formulating and carrying out the alleged policies that caused the battery, was exercising discretion and formulating policy.

The Illinois Supreme Court has held that the City's failure to supervise workers is a discretionary matter subject to § 2-201 immunity. *In re Chicago Flood Litig.*, 680 N.E.2d 265, 273 (Ill. 1997).[5] Ms. Frieri alleges that the City had a policy, so the City was "determining policy." Section 2-201 bars a suit against the City for battery.

V.

The City also argues that the complaint fails to state a claim upon which relief can be granted because it never specifically demanded judgment against the City or described the relief sought. Rule 8(a)(3) requires that a complaint contain a "demand for judgment for the relief the pleader seeks." Ms. Frieri's complaint seeks specific relief from the officer defendants, but it never specifically requests relief from the City. The City urges me to dismiss based on this technical non-compliance with the Rules. Under liberal rules of federal practice, however, a plaintiff is

---

[5] Section 2-201 applies to "public employees." Although the Illinois Supreme Court did not squarely address the question of whether the City fell into the category of "public employees," it held that § 2-201 applied to the City. *Chicago Flood*, 680 N.E.2d at 273. Although this conclusion seems at odds with the Court's plain language reading of the statute to exclude an exception for willful and wanton conduct, *see id.*, I must apply Illinois law as interpreted by the Illinois Supreme Court.

8

entitled to any relief I can grant, regardless of whether she asks for the proper relief. *Janke Constr. Co. v. Vulcan materials Co.*, 527 F.2d 772, 776-77 (7th Cir. 1976). Moreover, Rule 8(f) says that I must construe all pleadings "so as to do substantial justice." The City has notice of the relief sought based on the prayer for judgment against its employees, the officer defendants. Because I conclude that Ms. Frieri otherwise states a claim for relief, I will not dismiss the complaint on such a technicality.

VI.

The City's Motion to Dismiss is GRANTED in part with respect to Count III (battery), but DENIED in part with respect to Counts I (excessive force) and II (illegal search and seizure).

ENTER ORDER:

_Elaine E. Bucklo_
Elaine E. Bucklo
United States District Judge

Dated: January 8, 2001

Copies have been mailed to:

John P. DeRose
John P. DeRose & Assoc.
15 Spinning Wheel Road
Hinsdale, IL 60521

Attorney for Plaintiffs

Penelope M. George
Assistant Corporation Counsel
30 N. LaSalle Street, #900
Chicago, IL 60602

Attorney for Defendants